# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

| | |
|---|---|
| DANIKA PAIGE MORRIS<br>and JOSHUA WAYNE MORRIS,<br>AS CO-ADMINISTRATORS OF<br>THE ESTATE OF DANIEL LEE<br>MORRIS, JR.,<br><br>    PLAINTIFFS,<br><br>  v.<br><br>JUPITER ALUMINUM CORPORATION,<br>an Illinois Corporation,<br>GEORGE REED and MICHAEL FAIR,<br><br>    DEFENDANTS. | CIVIL CASE NO.: 5:24-CV-24<br><br>JUDGE: JOHN PRESTON BAILEY |

## FIRST AMENDED COMPLAINT

**NOW COME** the Plaintiffs, Danika Paige Morris and Joshua Wayne Morris, as Co-Administrators of the Estate of Daniel Lee Morris, Jr., by and through the undersigned counsel, and for their First Amended Complaint against the defendants, Jupiter Aluminum Corporation, George Reed and Michael Fair, which is hereby timely filed as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, state and aver as follows:

## PARTIES

1. Plaintiff, Danika Paige Morris, in her capacity as a Co-Administrator of the Estate of Daniel Lee Morris, Jr., is, and at all times relevant herein was, a resident and citizen of Hancock County, West Virginia.

2. Plaintiff, Danika Paige Morris, is a surviving daughter of Daniel Lee Morris, Jr., a resident of Brooke County, West Virginia, who died on July 26, 2022 while in the employ of Defendant Jupiter Aluminum Corporation.

3. Plaintiff, Joshua Wayne Morris, in his capacity as a Co-Administrator of the Estate of Daniel Lee Morris, Jr., is, and at all times relevant herein was, a resident and citizen of Brooke County, West Virginia.

4. Plaintiff, Joshua Wayne Morris, is a surviving brother of said decedent, Daniel Lee Morris, Jr.

5. Plaintiffs were duly appointed as Co-Administrators of the Estate of Daniel Lee Morris, Jr. by the County Commission of Brooke County, West Virginia on July 29, 2022.

6. Defendant Jupiter Aluminum Corporation ("**Jupiter**") is a secondary aluminum producer that operates three plants in the United States including an aluminum coil coating facility located in Beech Bottom, Brooke County, West Virginia.

7. Jupiter is a for-profit corporation incorporated under the laws of the State of Illinois, registered to conduct business in the State of West Virginia, and whose principal place of business is located at 2800 S River Rd Suite 300, Des Plaines, Illinois 60018.

8. Plaintiffs are informed and believe that Defendant George Reed ("**Reed**") is a resident of Jefferson County, Ohio and was the plant manager of Jupiter's aluminum coil coating facility located in Beech Bottom, Brooke County, West Virginia, at the time of the injury and death complained of herein.

9. Plaintiffs are informed and believe that Defendant Michael Fair ("**Fair**") is a resident of Brooke County, West Virginia and was the direct supervisor of Daniel Lee Morris, Jr. at the time of his injury and death complained of herein.

10. Defendants Jupiter, Reed, and Fair are hereinafter referred to collectively as the "**Jupiter Defendants**."

11. Upon information and belief, in committing the acts alleged herein, each and every

managing agent, agent, representative, and/or employee of Jupiter, including but not limited to Defendants Reed and Fair, were working within the course and scope of said agency, representation, and/or employment, and said acts were authorized, ordered, done and/or ratified by Jupiter's directors, officers, agents, employees, or representatives while engaged in the management, direction, control, or transaction of Jupiter's business affairs.

12. At all relevant times herein, Jupiter Defendants have, upon information and belief: transacted business in Brooke County, West Virginia; contracted to supply or obtain services or goods in Brooke County, West Virginia; intentionally availed themselves of the benefits of doing business in West Virginia; produced, promoted, sold, marketed, and/or distributed their products or services in West Virginia, and thereby, have purposefully profited from its access to markets in West Virginia; and otherwise have the requisite minimum contacts with West Virginia such that, under the circumstances, it is fair and reasonable to require the Jupiter Defendants to come to this Court to defend this action.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over the claims made by the Plaintiffs herein pursuant to Article VIII, Section 6 of the West Virginia Constitution and W.Va. Code § 51-2-2.

14. This Court has personal jurisdiction over the Jupiter Defendants because they conducted business in West Virginia at all times material herein and/or committed acts and/or omissions in West Virginia which caused tortious injury to the Plaintiffs.

15. Venue is proper in this Court pursuant to W.Va. Code § 56-1-1 in that all material acts described herein occurred in Brooke County, West Virginia, and Plaintiffs' causes of action arose in Brooke County, West Virginia.

16. There action may not be removed to federal court because there is incomplete diversity of citizenship among the parties and the claims alleged in this First Amended Complaint do not permit federal question jurisdiction to be exercised.

**FACTUAL ALLEGATIONS**

17. Upon information and belief, Jupiter was at all relevant times herein, the owner and operator an aluminum coil coating facility located at 8963 River Road, Wellsburg, WV 26070 (the "**Beech Bottom Facility**").

18. At all relevant times herein, Jupiter was responsible for the operation and maintenance of the Beech Bottom Facility and directed and/or controlled all employees performing services at the Beech Bottom Facility.

19. At all relevant times herein, Defendant Reed was the Plant Manager of the Beech Bottom Facility and was responsible for directing and supervising Jupiter employees at the Facility, including Daniel Lee Morris, Jr., regarding their duties and responsibilities, and was charged with compliance with safety laws and standards and employment laws and standards.

20. At all relevant times herein, Defendant Fair was the direct supervisor of the decedent, Danny Lee Morris, Jr. and was responsible for directing and supervising Daniel Lee Morris, Jr. and others, regarding their duties and responsibilities, and was charged with compliance with safety laws and standards and employment laws and standards.

21. At all times material herein, Daniel Lee Morris, Jr. was employed by Jupiter and was acting within the course and scope of his employment.

22. Mr. Morris was covered by West Virginia workers' compensation coverage under applicable West Virginia law, and is entitled to all benefits and privileges under the West Virginia

Workers' Compensation Act.

23. As part of his regular job duties for Jupiter, Mr. Morris was instructed, directed and required to operate the coil slitter located at the Beech Bottom Facility, which is used to cut aluminum coils into smaller width coils. As a slitter operator, Mr. Morris was also responsible for inspecting the cut coils being rewound on the rewind mandrel for burrs caused by the cutting of the aluminum.

24. Despite requiring its employees to perform the aforementioned tasks, at all times material herein, the Jupiter Defendants failed to equip the slitter with any type of machine guarding that would prevent an employee from walking into the area of the rotating rewind mandrel; failed to develop, provide, and/or implement adequate safety polices and/or procedures regarding the operation of the slitter; failed to develop and implement adequate safety and health management systems regarding training and the operation of the slitter; failed to adequately and properly train its employees regarding the safe and proper operation of the slitter; failed to adequately convey critical safety information regarding the potential hazards associated with the operation of the slitter; failed to instruct its employees on the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate hazards or other exposure to or injury; failed to install and maintain adequate safety measures to prevent injury to its employees; failed to utilize appropriate safety equipment and precautions; failed to provide employees with proper protective equipment, including personal protective equipment (PPE).

25. The actions and conduct of the Jupiter Defendants as set forth in the preceding paragraph, constituted violations of applicable safety statutes, rules, regulations and/or commonly accepted and well-known safety standards within Jupiter's industry regarding the operation of mechanized equipment, and further created specific unsafe working conditions at the Beech

Bottom Facility which presented a high degree of risk and a strong probability of serious injury or death.

26. At all times material herein, including on July 26, 2022, the Jupiter Defendants had actual knowledge of the existence of the aforementioned specific unsafe working conditions and that its employees, including Mr. Morris, were directed to regularly operate the slitter without any type of machine guarding that would prevent an employee from walking into the area of the rotating rewind mandrel.

27. Despite this knowledge, the Jupiter Defendants failed to take remedial action to correct and/or abate these specific unsafe working conditions and further directed its employees, including Mr. Morris, to work in these conditions thereby intentionally exposing Plaintiff to known and specific unsafe working conditions.

28. On July 26, 2022, Mr. Morris, was directed by Jupiter managerial and supervisory employees, including but not limited to Defendants Reed and Fair, to operate the slitter in order to cut a 36-inch-wide coil into three 12-inch coils.

29. As the coil slitter was in operation, Mr. Morris entered the unguarded area of the slitter take-up roll, also known as the rewind mandrel, and placed his hand on the coil strip which was traveling at 150 feet per minute (2.5 feet per second).

30. Mr. Morris's right hand was pulled into the in-running nip point hazard created between the coil strip and the rewind mandrel. Once Mr. Morris became entrapped in the in-running nip point hazard, his entire body was pulled into and around the rewind mandrel.

31. The slitter assistant working with Mr. Morris witnessed the incident and ran to the coil slitter and pressed the emergency stop button. Jupiter employees had to the cut the aluminum coil so that Mr. Morris could be removed from the mandrel.

32. Mr. Morris was transported to Wheeling Hospital and was pronounced dead at the hospital.

33. The untimely and tragic death of Mr. Morris was a direct and proximate result of the acts and/or omissions of the Jupiter Defendants as set forth herein below.

**COUNT I**

34. Plaintiffs hereby reassert and incorporate the allegations in all preceding paragraphs as if the same were fully set forth herein.

35. The conduct of Defendants Jupiter, Reed and Fair, as described in this First Amended Complaint, constitutes "deliberate intention" as defined by W.Va. Code §23-4-2(d)(2)(A) (2015).

36. Prior to the subject incident on July 26, 2022, Defendants Jupiter, Reed and Fair intentionally and deliberately removed and/or failed to install machine guarding on the coil slitter that was provided by or available from the manufacturer of the coil slitter, with the subjective desire to seriously injure and/or kill its employees operating the slitter, rather than having to incur the risk of lost profits or added production expenses.

37. Prior to the subject incident on July 26, 2022, Defendants Jupiter, Reed and Fair had actual knowledge of the dangerous nature of operating its coil slitter without any type of machine guarding, and said Jupiter Defendants knew that serious injury or death was certain to result by its continued operation of the coil slitter in this manner. Nonetheless, Defendants Jupiter, Reed and Fair intentionally and deliberately disregarded these known risks and instructed Mr. Morris to operate the coil slitter without adequate machine guarding.

38. On or about July 26, 2022, Defendants, Jupiter, Reed and Fair, acted with a consciously, subjectively, and deliberately formed intention to produce the specific result of injury

and/or death to Mr. Morris.

39. The Jupiter Defendants' conduct as alleged herein was not merely negligent or willful, wanton, or reckless misconduct, but rather intentional and deliberate acts specifically intended to produce the result of serious injury and/or death to Mr. Morris.

40. As a direct and proximate result of the intentional and deliberate actions of Defendants Jupiter, Reed and Fair, as described in this First Amended Complaint, Mr. Morris was killed and Plaintiffs were damaged and injured as is hereinafter set forth.

41. As a direct and proximate result of the actions, omissions, and/or conduct of Defendants Jupiter, Reed and Fair, as set forth in this First Amended Complaint, the decedent, Daniel Lee Morris, Jr., sustained severe and extensive personal injuries that resulted in his death.

42. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendants Jupiter, Reed and Fair, the decedent, Daniel Lee Morris, Jr., suffered a loss of earnings and earning capacity, both past, present, and future, for all of which damages are claimed.

43. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendants Jupiter, Reed and Fair resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have suffered and will continue to suffer for the rest of their lives sorrow and mental anguish from the loss of his society, companionship, comfort, guidance, support, kindly offices, advice, and love.

44. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendants Jupiter, Reed and Fair resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have lost his expected income and the services, protection, care, and assistance he can no longer provide.

45. Also, as a direct and proximate result of the actions, omissions, and/or conduct of

Defendants Jupiter, Reed and Fair, Daniel Lee Morris, Jr. suffered consciously and greatly from the injuries sustained in being crushed in the aluminum coil as he was pulled into the rewind mandrel for which pain and suffering from the time of the injury to death, Plaintiffs are entitled to recover pursuant to W. Va. Code § 55-7-8;

46. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendants Jupiter, Reed and Fair resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have incurred expenses for his care, treatment, and hospitalization incident to the injury resulting in his death, and expenses for his funeral.

47. Defendants Reed and Fair, as Jupiter managerial and supervisory employees, may be liable under the heightened deliberate intent claim set forth in W.Va. Code §23-4-2(d)(2)(A) (2015) as alleged herein. *Edwards v. Stark*, 880 S.E.2d 881, 886–87, 247 W.Va. 415, 420–21 (W.Va., 2022).

## COUNT II

48. Plaintiffs hereby reassert and incorporate the allegations in all preceding paragraphs as if the same were fully set forth herein.

49. The conduct of Defendant Jupiter as described in this First Amended Complaint constitutes "deliberate intention" as defined by W.Va. Code §23-4-2(d)(2)(B) (2015).

50. At all times material herein, including July 26, 2022, Defendant Jupiter was responsible for compliance with all applicable federal safety statutes, rules, and regulations, together with commonly accepted and well-known safety standards within the industry or business of Jupiter.

51. At all times material herein, including July 26, 2022, Defendant Jupiter had a duty to ensure a workplace free of recognized hazards; had a duty to inspect all work and/or activities

being performed at the Beech Bottom Facility to ensure that all safety standards, rules, and regulations were being maintained and followed by all workers and/or personnel; had a duty to ensure workers were properly trained, instructed, and utilized safety equipment; had a duty to ensure that the Beech Bottom Facility was kept and maintained in a safe operating condition, had a duty ensure that all machines and nip points were properly guarded; and had a duty to conduct proper Job Safety Analyses ("**JSA**") prior to commencing work.

52. On or about July 26, 2022, Defendant Jupiter caused Daniel Lee Morris, Jr. to perform work in the absence of appropriate safety equipment and precautions, in the absence of adequate training, and in the absence of appropriate safeguards and safe work areas, in violation of applicable state, federal, and industry standards.

53. At all relevant times herein, Defendant Jupiter, by and through its managerial and supervisory employees, including but not limited to Defendants Reed and Fair, intentionally exposed Daniel Lee Morris, Jr. to known unsafe working conditions which presented a high degree of risk and strong probability of serious injury or death by, *inter alia:*

    a. failing to furnish employment and a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm to Daniel Lee Morris, Jr.:

    b. failing to protect Daniel Lee Morris, Jr. from the risk of injury that resulted in his death as set forth hereinabove;

    c. operating its coil slitter without any type of machine guarding that would prevent an employee from walking into the area of the rotating rewind mandrel;

    d. failing to develop, provide, and/or implement adequate safety polices and/or procedures regarding the operation of the slitter;

e. failing to develop and implement adequate safety and health management systems regarding the operation of the slitter;

f. failing to adequately and properly train its employees, including Daniel Lee Morris, Jr., regarding the safe and proper operation of the slitter;

g. failing to adequately convey critical safety information regarding the potential hazards associated with the operation of the slitter;

h. failing to instruct its employees on the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate hazards or other exposure to injury;

i. failing to install and maintain adequate safety measures to prevent injury to its employees, specifically Daniel Lee Morris, Jr.;

j. failing to utilize appropriate safety equipment and precautions;

k. failing to provide Daniel Lee Morris, Jr. with proper protective equipment, including personal protective equipment (PPE);

l. failing to comply with applicable state, federal, and industry standards; and/or

m. otherwise exposing Daniel Lee Morris, Jr. to known unsafe working conditions which presented a high degree of risk and strong probability of serious injury or death.

54. The acts of Defendant Jupiter as described herein constituted violations of OSHA rules and regulations, including OSHA's General Industry Standards (29 CFR 1910), and specifically, 29 CFR, Subpart O Machinery and Machine Guarding (1910.211 through 1910.219); West Virginia laws and regulations; federal and state safety statutes, rules, and/or regulations; and commonly accepted and well-known safety standards of Jupiter, and within the manufacturing

industry.

55. On or about July 26, 2022, Defendant Jupiter violated W.Va. Code § 23-4-2(d)(2)(B) in that:

(i) Specific unsafe working conditions existed in the workplace and at the Beech Bottom Facility which presented a high degree of risk and a strong probability of serious injury or death;

(ii) Defendant Jupiter, prior to the incident resulting in the death of Daniel Lee Morris, Jr., had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working conditions;

(iii) The specific unsafe working conditions constituted a violation of a state or federal safety statute, rule, or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of Jupiter and said statute, rule, or regulation was further (1) specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation, or standard generally requiring safe workplaces, equipment, or working conditions; and (2) was intended to address the specific hazard(s) presented by the unsafe working conditions.

(iv) Notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii) above, inclusive, of this paragraph, managerial and/or supervisory employee(s) of Jupiter, including but not limited to Defendants Reed and Fair, who had actual knowledge of the existence of the unsafe working conditions existing at the Beech Bottom Facility and in the workplace together with their attendant risks and harm, nevertheless intentionally thereafter exposed Daniel Lee Morris, Jr. to the specific unsafe working conditions; and

(v) Daniel Lee Morris, Jr. suffered compensable death, as defined in W.Va. Code 23-4-1, as a direct and proximate result of the specific unsafe working conditions.

56. Attached to this First Amended Complaint as **Exhibit A** is a "verified statement" from a person with knowledge and expertise outlining the applicable workplace safety rules and/or regulations which were violated, as required by W. Va. Code § 23-4-2(d)(2)(C)(i) (2015), and which is incorporated into this First Amended Complaint.

57. As a direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter, as set forth in this First Amended Complaint, the decedent, Daniel Lee Morris, Jr., sustained severe and extensive personal injuries that resulted in his death.

58. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter, the decedent, Daniel Lee Morris, Jr., suffered a loss of earnings and earning capacity, both past, present, and future, for all of which damages are claimed.

59. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have suffered and will continue to suffer for the rest of their lives sorrow and mental anguish from the loss of his society, companionship, comfort, guidance, support, kindly offices, advice, and love.

60. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have lost his expected income and the services, protection, care, and assistance he can no longer provide.

61. Also, as a direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter, Daniel Lee Morris, Jr. suffered consciously and greatly from the injuries

sustained in being crushed in the aluminum coil as he was pulled into the rewind mandrel for which pain and suffering from the time of the injury to death, Plaintiffs are entitled to recover pursuant to W. Va. Code § 55-7-8;

62. As a further direct and proximate result of the actions, omissions, and/or conduct of Defendant Jupiter resulting in the death of Daniel Lee Morris, Jr., his estate and wrongful death beneficiaries have incurred expenses for his care, treatment, hospitalization incident to the injury resulting in his death, and expenses for his funeral.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, Danika Paige Morris and Joshua Wayne Morris, as Co-Administrators of the Estate of Daniel Lee Morris, Jr., pray that this Court enter judgment against Defendants, Jupiter Aluminum Corporation, George Reed, and Michael Fair as follows:

A) Awarding Plaintiffs all damages, legal and equitable, to which they may be entitled;

B) Awarding Plaintiffs pre- and post-judgment interest at the maximum rate permitted by law;

C) Awarding Plaintiffs their attorneys' fees, costs, and expenses; and

D) Awarding Plaintiffs such further and additional relief as may be available and warranted under the circumstances of this case.

The minimum jurisdictional amount established for filing this action is satisfied.

**DANIKA PAIGE MORRIS and  
JOSHUA WAYNE MORRIS,  
as Co-Administrators of the  
ESTATE OF DANIEL LEE MORRIS, JR.,  
Plaintiffs**

/s/ *M. Eric Frankovitch*  
Of Counsel

| M. Eric Frankovitch, Esq. (WV ID # 4747) <br> Carl A. Frankovitch, Esq. (WV ID #12150) <br> **FRANKOVITCH, ANETAKIS, SIMON, DECAPIO & PEARL** <br> 337 Penco Road <br> Weirton, WV 26062 <br> Tel: (304) 723-4400 <br> Fax: (304) 723-5892 <br> eric@faslaw.com <br> cfrankovitch@faslaw.com <br> *Co-Counsel for Plaintiffs* | Vincent S. Gurrera, Esq. (WV ID #4605) <br> **GURRERA LAW OFFICES** <br> PO BOX 2308 <br> WEIRTON, WV 26062 <br> Tel: 304-723-3861 <br> Fax: 304-723-3871 <br> gurreralaw@comcast.net <br> *Co-Counsel for Plaintiffs* | F. Alex Risovich, Esq. (WV ID # 10866) <br> **RISOVICH LAW OFFICES** <br> 3023 Pennsylvania Avenue <br> Weirton, WV 26062 <br> Tel: (304)723-2588 <br> Fax: (304)723-2504 <br> alex.risovich@risovichlaw.com <br> *Co-Counsel for Plaintiffs* |
|---|---|---|

## CERTIFICATE OF SERVICE

I, M. Eric Frankovitch, hereby certify on March 6, 2024, I caused the foregoing First Amended Complaint to be filed using the Court's CM/ECF, which effected service on all counsel of record.

/s/ *M. Eric Frankovitch*
M. Eric Frankovitch
Attorney for Plaintiffs